INTERNATIONAL MOTORISTS ASSOCIA-
TION, Appellant,

v.

Sebastian AGUILAR, Appellee.

No. 11386.

Court of Civil Appeals of Texas.

Austin.

April 13, 1966.

Rehearing Denied May 4, 1966.

———◆———

Mayer, Mayer & Levin, Marvin L. Levin, Dallas, Kemp & Prud'homme, Austin, for appellant.

Jack Garey, Joseph H. R. Colbert, Austin, for appellee.

HUGHES, Justice.

This suit was by Sebastian Aguilar against International Motorists Association to recover the sum of $995.00 which he had incurred in attorney's fees in prosecuting a claim for damages arising out of a collision in which his car was involved and in prosecuting the claim represented by this suit. The liability of the Association was alleged to be the consequence of a "service contract" which it had made with Mr. Aguilar.

Trial was non-jury. Judgment was rendered against the Association for the amount claimed.

The Association's first point is that the Trial Judge erred in not timely filing findings of facts and conclusions of law. Its motion for a new trial was overruled June 24, 1965.

On July 6, 1965, appellant filed its request for findings of facts and conclusions of law.

On August 13, 1965, appellant called to the attention of the Trial Judge that its requested findings and conclusions had not been filed.

On August 18, 1965, the Trial Judge filed findings of fact and conclusions of law and they are included in the transcript.

Rule 296, Texas Rules of Civil Procedure, provides, in part, that a request for conclusions of fact and law shall be filed within ten days from rendition of final judgment or order overruling motion for new trial. Appellant's request was not so filed.

Rule 297, T.R.C.P., provides, in part, that the Trial Judge, when demanded, shall within thirty days before the time for filing transcript prepare his findings of fact and conclusions of law and if he fails to do so the demanding party "shall, in writing, within five days after such period" call the omission to the attention of the trial judge.

The time for filing the transcript herein expired sixty days from June 24, 1965, Rule 386, T.R.C.P. This date was August 23, 1965. Thirty days before August 23 was July 23. Appellant should have called the attention of the Trial Judge to his failure to comply with its request for conclusions of fact and law on or before July 28, 1965. This it failed to do.

Under these circumstances, we believe that the Trial Judge would have been warranted in not filing the requested conclusions.

■ Appellant contends that he has been prejudiced by the Court's delay in filing the requested conclusions because of insufficient time to request additional conclusions or to file objections to those made.

Appellant does not spell out these contentions by specifying any objections he may have had to the conclusions or any additional conclusions he may have desired. In any event, appellant does not present any point which involves a controverted issue of fact. We, therefore, hold that no error of a re-

versible nature is shown and, for all the reasons above stated, we overrule the point under discussion.

Appellant's remaining four points all present questions of law which challenge the authority of the trial court to render any judgment except one of dismissal or to render any judgment in excess of $100.00.

We will state the facts.

Appellee had been a member of the Association for two years from September 8, 1961, when, on September 30, 1963, he signed an application for renewed membership for a period of two years. He was thereupon furnished a membership application receipt which we depict in full:

| PAYMENT PLAN | | |
|---|---|---|
| **DOWN PAYMENT** | 15.50 | 50.00 |
| **TERMS** | **DATE DUE** | **AMOUNT DUE** |
| 1st | NOV. 1 and 10.00 due each month on balance | 10.00 |
| 2nd | | |
| 3rd | | |

Type of Vehicle 1959 Simca

**MEMBERSHIP APPLICATION RECEIPT**
Transferable • Non-Assessable

## This Contract Is In Immediate Effect

Received of Sebastian Aguilar

This 30 Day of Sept. 19 63 $ 15.50

Payment for Membership; Balance $ 50.00 for Two Years.

paid $5.00 9/30/63  10.50 due 10/12/63.

**INTERNATIONAL MOTORISTS ASSOCIATION**
**DALLAS, TEXAS**
**CORPORATION OWNED**

AGENT

"The benefits and services under this contract are limited by the written terms and conditions set out in the Membership Contract to be issued by I.M.A. and cannot be changed or varied in any respect by a representative of I.M.A. without written consent from the District Office of International Motorists Association by endorsement on said contract."

HOUSTON, TEXAS
112 Pearo St.
UN 2-4359

AUSTIN, TEXAS
1000 San Antonio St.
GR 7-8136

ALAMO, TEXAS
P.O. Box 339
ST 7-2621

WICHITA, KANSAS
926 N. Broadway
AM 2-5372

**INTERNATIONAL**

For All The
AMERICAN CONTINENT
**MOTORISTS ASSOCIATION**
★ SAFETY ★ SECURITY ★ SERVICE ★ PROTECTION
Automobiles — Trucks — Motorcycles — Boats — Buses
**DIVISION OFFICE: 126 NORTH BECKLEY—DALLAS, TEXAS—PHONE WH 3-7381**

Relying upon the provision in the above receipt that the benefits and services under this Contract were limited by the terms and conditions set out in the membership contract to be issued to appellee, appellant sought to introduce a membership certificate in the Association appearing on its face to have been issued to appellee on September 30, 1963, in which was contained this provision:

"Legal Expenses: In the event the member has occasion to use legal services set forth in this instrument the Association shall reimburse the member for a reasonable attorney's fee, but in no event shall an attorney fee exceed thirty per cent (30%) of the total amount involved, provided further that the maximum fee shall be one hundred dollars ($100.00)."

Appellee was asked if he had received this membership certificate or one similar to it and he could not remember if he had seen it or not. No independent evidence or effort was offered or made to prove either its issuance or delivery.

■ Under these circumstances, we cannot hold that the trial court erred in excluding the proffered certificate of membership

The trial court also excluded evidence relating to the terms and provisions of the Contract between the parties which may have existed during appellee's prior, but expired, membership.

■ We have no doubt that a simple agreement to renew an insurance policy or to renew an identified contract, where no

new terms are added, is sufficient to incorporate the provisions of the old policy or contract into a new agreement on the same terms as the former agreement.

The former contract here, if properly offered in evidence, would show a contract in all respects identical with the contract which appellant seeks to establish here. It would show the same $100.00 limitation for attorney's fees to be incorporated in the membership certificate.

We believe it immaterial that this evidence was excluded by the trial court. Without expressing any opinion on the validity of the 1961 Contract between the parties and its limiting membership certificate, it is our opinion that an intervening Act of the Legislature, effective September 1, 1963, makes invalid and unenforceable, in this suit, the limitations contained in the membership certificate. This Act is contained in Art. 1528d, Vernon's Ann.Tex. Civ.St., from which we quote:

"Sec. 2. (a) 'Automobile Club' shall mean any person who in consideration of dues, assessments, or periodic payments of money, promises its members or subscribers to assist them in matters relating to travel and the operation, use or maintenance of a motor vehicle in the supplying of services which by way of illustration and not by way of limitation may include such services as community traffic safety service, travel and touring service, theft or reward service, map service, towing service, emergency road service, bail bond service and legal fee reimbursement service in the defense of traffic offenses, and the purchase of accidental injury and death benefits insurance coverage from a duly authorized insurance company.

\* \* \*

Sec. 9. Every Automobile Club operating under the provisions of this Act shall furnish to its members a service contract or membership card together with the following information:

\* \* \*

(c) A description of the services or benefits to which the member is entitled.

(d) The completed application and the description of services shall constitute the service contract."

Clearly a "membership contract to be issued" by the Association at an unspecified time and containing unknown conditions cannot be held to come within the above provisions of Art. 1528d. Under this statute, nothing but the description of the services and the completed application is part of the service contract.

The Contract in suit was executed when Art. 1528d was in effect and its terms were incorporated therein as a matter of law. 13 Tex.Jur.2d, Sec. 165.

The need for this remedial legislation is demonstrated by this case. We have no hesitancy in commending its enactment and implementing its enforcement. We affirm the judgment of the trial court.

Affirmed.