BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0308-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 25, 2003


______________________________



GERALD LOYD WRIGHT,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,521-C; HON. JOHN T. FORBIS, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________


Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Gerald Loyd Wright (appellant) appeals his conviction for possession of a controlled
substance with intent to deliver. The clerk's record was filed on September 10, 2002. The
reporter's record was filed on November 20, 2002. Thus, appellant's brief was due on
December 20, 2002. However, one was not filed on that date. By letter dated December
30, 2002, we notified appellant's counsel of the expired deadline and directed him to
respond to our notification of same by Friday, January 10, 2003, or the appeal would be
abated to the trial court pursuant to Tex. R. App. P. 38.8. On January 9, 2003, we received
appellant's motion for extension of time to file brief to February 10, 2003, and also
appellant's motion for substitution of counsel, which were both granted. February 10,
2003, passed without appellant submitting his brief. 

 Consequently, we abate this appeal and remand the cause to the 251st District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent; and,


 3. whether appellant has been denied the effective assistance of
counsel due to counsel's failure to timely file a brief. See Evitts v.
Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821,
828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
further direct the court to appoint new counsel to assist in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before March 20, 2003. Should
additional time be needed to perform these tasks, the trial court may request same on or
before March 20, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 


>Hudson v. Wakefield, 711 S.W.2d 675 (Tex.
1986), the court held that "Once the Law of the Case has been set by a
Court of last resort, it will govern the case through its subsequent stages."

 ISSUE FOUR ARGUMENT-For the District Court in and for Dallam County,
Texas to allow Kyle Lewis, [attorney for Hughes] a licensed practicing
attorney, and Desiree Alexis Stafford, as Independent Administrator of the
Estate of Alex Ray Stafford, deceased, and others to continue attempting to
Unlawfully and Illegally obtain what is not theirs to have, after a Court of Last
Resort, in Stafford v. Stafford 07-94-0178 CV (1995) (unpublished), has
issued a Mandate barring them from challenging the validity of conveyances
made to various Trusts, can be nothing more than denial of due process and
equal protection of the law.

 ISSUE FIVE ARGUMENT-The District Court in and for Dallam County,
Texas by refusing to execute the Mandate issued in Stafford v. Stafford 07-94-0178 CV (1995) (unpublished), and choosing to ignore the Mandate has
created a situation where justice has been denied at all levels of the Judicial
system. 

(Capitalization, punctuation, and italics in original). 

 The issues Lawrence argues are familiar to us. In substance they are no more than
reiterations of five of the seven issues we addressed and overruled in her last appeal, in
number 07-05-0050-CV. (7) As before, all five of her current appellate issues are founded
on the contention that statements in our 1995 opinion in Stafford v. Stafford, under the
doctrine of law of the case, (8) finally determined the issue of title to the land. (9) Despite our
previous repeated and clear holdings that the doctrine does not have the effect she posits,
Lawrence insistently continues to present the same contention, without even so much as
acknowledging our previous opinions rejecting it. See, e.g., Lawrence, 2006 Tex. App.
Lexis 2632, at *3-4 (citing Stafford v. Stafford, No. 07-97-0494-CV, 1998 Tex. App. Lexis
6740 (Tex.App.-Amarillo Oct. 28, 1998, pet. denied) (not designated for publication). 
Much less does she make an effort to explain why issues we overruled in 07-05-0050-CV,
and have rejected on other occasions, (10) now have merit. For the same reasons we have
given before, we reject Lawrence's contentions and overrule her issues. 

 In case number 07-05-0050-CV, the appellees asked us to find Lawrence's appeal
was frivolous and assess damages according to Rule of Appellate Procedure 45. 
Lawrence v. Stafford, 2006 Tex. App. Lexis 2632, at *9; Tex. R. App. P. 45. We denied
the request for damages at that time. 2006 Tex. App. Lexis 2632, at *9. Hughes repeats
the request in her brief on this appeal. She argues the matters Lawrence attempts to place
in issue by the instant appeal have long been finally, judicially resolved, a fact known by
Lawrence, and Lawrence filed a brief similar to that presented in this appeal in case
number 07-05-0050-CV.

 Rule 45 authorizes us to sanction an appellant if we determine the appeal is
frivolous. Tex. R. App. P. 45. The decision rests with the sound discretion of the appellate
court. Rios v. Northwestern Steel & Wire Co., 974 S.W.2d 932, 936 (Tex.App.-Houston
[14th Dist.] 1998, no pet.). We may not consider any matter that does not appear in the
record, briefs or other papers filed in the court of appeals, Tex. R. App. P. 45, we must act
with prudence, caution, and careful deliberation, Rios, 974 S.W.2d at 936, and, viewing the
record from the advocate's standpoint we consider whether there were reasonable grounds
to believe the trial court's judgment was reversible. Smith v. Brown, 51 S.W.3d 376, 282
(Tex.App.-Houston [1st Dist.] 2001, pet. denied) (applying Rule 45); Safeway Managing
Gen. Agency v. Cooper, 952 S.W.2d 861, 870 (Tex.App.-Amarillo 1997, no writ) (applying
predecessor Rule 84). In deciding whether to assess damages appellate courts also have
considered such factors as an appellant's attempt to relitigate an issue previously resolved,
Njuku v. Middleton, 20 S.W.3d 176, 178 (Tex.App.-Dallas 2000, pet denied), an
appellant's provision of an incomplete record for review, Tate v. E.I. du Pont de Nemours
& Co., 954 S.W.2d 872, 875 (Tex.App.-Houston-[14th Dist.] 1997, no pet.), an appellant's
failure to respond to the request for sanctions, American Paging of Texas, Inc. v. El Paso
Paging, Inc., 9 S.W.3d at 237, 242 (Tex.App.-El Paso 1999, pet. denied), and an
appellant's filing of an inadequate brief. Tate, 954 S.W.2d at 875. 

 Applying such factors to Lawrence's present appeal, we note first the question of
title to the land vis-a-vis the failed trusts was resolved long ago by judgment of the trial
court which we affirmed in case number 07-97-0494-CV. As noted, Lawrence does not
mention this decision in her brief. Rather, she persists with the argument that our decision
of March 14, 1995, in case number 07-94-0178-CV is controlling in all subsequent cases. 
We have previously pointed out this is an incorrect application of the law. 

 Moreover, it is especially pointless for Lawrence to continue her erroneous
contentions in this present proceeding, which simply accomplished the dividing between
Hughes and her of the parcels of land partitioned to them in trial court cause number
10,238.

 Second, Lawrence presented an incomplete record as she did not bring forward the
reporter's record from the hearing of which she complains. The absence of a reporter's
record and proper argument leave us with no indication that Lawrence preserved any of
her complaints in the trial court. See Tex. R. App. P. 33.1(a).

 Third, as is apparent from the sections of Lawrence's brief we have quoted, the
inadequacies of her brief are, in this context, severe. The argument supporting each of her
five issues consists of a single sentence. Moreover, Lawrence does not refer to our
previous opinions rejecting the very same issues she now presents. Lawrence's brief
contains no legal authority except that we previously have rejected, and contains no
analysis or discussion (11) explaining why we should now accept her contentions in the face
of our previous holdings. See Safeway Managing General Agency, 952 S.W.2d at 871
(noting appellant's failure to "meaningfully support" points of error in accordance with
appellate rules as indicative of appeal brought for purpose of delay). Although we have
not chosen to find Lawrence's issues were waived because of inadequate briefing, (12) her
near-verbatim repetition in this case of contentions previously rejected, without further
supporting argument, is an abuse of her right of appeal. See Smith v. Brown, 51 S.W.3d
at 282 (quoting Bradt v. West, 892 S.W.2d 56, 79 (Tex.App.-Houston [1st Dist.] 1994, writ
denied) (citations omitted)) (the right of appeal is valuable and means "[n]o litigant has the
right to put a party to needless burden and expense or to waste a court's time that would
otherwise be spent" adjudicating the valid claims presented by other pending appellate
cases).

 Fourth, Lawrence has presented no response to Hughes' request for damages
according to Rule 45. There is nothing before us from Lawrence explaining why she
believes a reasonable chance exists for overruling the judgment of the trial court. Indeed,
as noted above, the contentions Lawrence now asserts have been previously, and
unsuccessfully, argued to this court by Lawrence and others of her family disputing title to
the land. 

 We find Lawrence could not reasonably have expected to reverse the trial court on
her presentation in this court. Her appeal is frivolous according to Rule 45. We assess
$1500.00 as reasonable damages recoverable by Hughes for having to respond to the
frivolous appeal. 

 We affirm the judgment of the trial court. We further order Lawrence pay Hughes,
within thirty days of our mandate in this case, the sum of $ 1500.00.


 Per Curiam. 



1. 
 
2. 
 
3. --- 
- 
4. 
5. 
 ' 
 --- - 
 
 
6. --- 
 
 
 
' 
 
 ' 
 --- - 
 
7. 
 --- - 
 
8. 
 
 
9. ' --- 
 
 
 
 "
 " 
 
 
 ' 
 
10. 
 ---
 - 
' ' ' 
 ---
 
 
 
 - 
 --- -
 
 
11. ' " 
 
 "
12. 
 -