United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-10630
Summary Calendar

GODWIN WHITE & GRUBER PC,

Plaintiff-Appellee,

versus

BRIAN C. DEUSCHLE; ET AL

Defendants,

BRIAN C. DEUSCHLE, Chartered; DEUSCHLE & ASSOCIATES PA,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-17-L)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:*

Defendants Deuschle, Chartered and Deuschle & Associates (Deuschle) appeal the denial of their Rule 59(e) motion to amend the damage award for plaintiff in the bench trial final judgment.

Plaintiff Godwin White & Gruber's (Godwin) predecessor law firm agreed to serve as a consultant to Deuschle in a class action in return for a portion of Deuschle's contingency fee. In June 1995, Deuschle and that predecessor firm signed a Consulting

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Agreement whereby Deuschle agreed to share with Godwin "the contingent fee in this matter to the extent of one-third (1/3rd) thereof". This Consulting Agreement referred to a proposed letter of engagement (Fee Agreement) with the class action plaintiffs; that letter was attached to the agreement signed by Godwin.

That attached letter was a memorandum of the Fee Agreement between the class action plaintiffs and Deuschle. It stated that Deuschle would receive "[f]orty percent (40%) of gross recovery regardless of amount and regardless of whether secured by settlement or collection of final judgment". The Fee Agreement noted further that Godwin's predecessor firm had been retained as a consultant in exchange for "one third (1/3rd) of any contingency fee received by [Deuschle]".

Subsequently, however, Deuschle amended several times the Fee Agreement with the class action plaintiffs, without notice to Godwin. Essentially, these changes deducted costs from the calculation of Deuschle's fee, thereby substantially reducing the total amount of the fee; and Deuschle agreed eventually to accept a flat fee.

The class action settled in November 1999 for $1.75 million. Godwin claims it is owed $233,333.33 (1/3 of 40% of $1.75 million); Deuschle, that, pursuant to the Consulting Agreement, it owes Godwin only 1/3 of the $268,000 fee it received (1/3 is $89,333.33). The district court awarded Godwin $233,333.33, based on its conclusion that the Fee Agreement provided that Godwin

receive 1/3 of 40% of the gross recovery and it had been incorporated by reference into the Consulting Agreement.

We generally review decisions to alter or amend judgment under Rule 59(e) for abuse of discretion. *Midland West Corp. v. FDIC*, 911 F.2d 1141, 1145 (5th Cir. 1990). To the extent that the ruling was a reconsideration on a question of law, however, review is *de novo*. *Tyler v. Union Oil Co.*, 304 F.3d 379, 405 (5th Cir. 2002). The district court's refusal to alter or amend the judgment rests in part on its conclusion that the Fee Agreement was incorporated by reference into the Consulting Agreement; therefore, our review is arguably *de novo*. In any event, the result is the same under either standard. Jurisdiction is based on diversity, and the district court's decision that Texas law governs has not been challenged. Therefore, we look to Texas contract law.

Deuschle contends: our primary concern should be to give effect to the intent of the parties; and the clear intent of the Consulting Agreement was for Godwin to receive 1/3 of the fee Deuschle received. While this may be true of the Consulting Agreement alone, it referred to the Fee Agreement; both agreements were attached and submitted together for Godwin's approval. For incorporation by reference under Texas law, "[t]he language used is not important provided the document signed by defendant plainly refers to another writing". *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968). The Consulting Agreement stated: "Consistent with our conversation, you will find enclosed a copy of the proposed

3

letter of engagement by the Plaintiffs...." Therefore, the Consulting Agreement incorporated the Fee Agreement by reference; these two documents must be read together to ascertain the parties' intent. *Wolfe v. Speed Fab-Crete Corp. Int'l*, 507 S.W.2d 276, 278 (Tex.Civ.App. - Fort Worth 1974, no writ).

The Fee Agreement provides that Deuschle would receive "[f]orty percent (40%) of gross recovery" and that "one-third (1/3rd) of any contingency fee received by [Deuschle]" would go to Godwin. Specific provisions control over general ones, *Forbau v. Aetna Life Ins.*, 876 S.W.2d 132, 133 (Tex. 1994); and "40% of gross recovery" is more specific than "1/3 of any contingency fee". Therefore, the intent of the parties was for Godwin to receive 1/3 of 40% of the amount recovered in the class action. Godwin was not notified of the subsequent changes to the Fee Agreement; therefore those changes are irrelevant. *Safeway Managing Gen. Agency for State and County Mut. Fire Ins. Co. v. Cooper*, 952 S.W.2d 861, 867 (Tex. Ap. - Amarillo 1997, no pet.) (holding that a party cannot make unilateral modifications to a contract).

Deuschle further asserts that the district court erred in considering parol evidence to support its conclusion. Based on the foregoing, both the holding of incorporation by reference and the damage award to Godwin are correct, irrespective of the parol evidence. Therefore, we do not reach this contention.

*AFFIRMED*

4