NO. 07-08-0053-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL B



DECEMBER 21, 2009


 ______________________________



JUDY LAWRENCE, APPELLANT



V.



DESIREE ALEXIS STAFFORD, INDIVIDUALLY AND AS INDEPENDENT


ADMINISTRATOR OF THE ESTATE OF ALEX RAY STAFFORD, DECEASED,


AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF 


MARTIN STAFFORD, DECEASED, APPELLEE


_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 10,557; HONORABLE RON ENNS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 This appeal is a continuation of a long-running family dispute over title to land in
Dallam County. Appellant Judy Lawrence, (1) appearing pro se, challenges the trial court's
decree partitioning real property between Lawrence and her niece, appellee Desiree Alexis
Stafford Hughes. (2) Finding Lawrence's issues without merit, we affirm the judgment of the
trial court. Finding further that the appeal is frivolous, we award Hughes damages.

Background

 By a partition proceeding conducted under cause number 10,238 in the 69th District
Court of Dallam County, the court partitioned among their family members land formerly
owned by Alex Stafford and his wife Martin Delene Stafford, who were Lawrence's parents. 
The decree confirming the report of commissioners in that proceeding was signed February
4, 2005, and was affirmed by this court on Lawrence's appeal, in appellate case number
07-05-0050-CV. (3) 

 In that prior appeal, Lawrence took the position she had asserted in other related
litigation, (4) arguing the land was not a part of her father's probate estate because it had
been conveyed to the trustees of one or more trusts. But litigation during the 1990's had
held the transferee trusts invalid and nonexistent, and found the land was held instead by
Lawrence's mother and her father's estate. (5) 

 Hughes is the daughter of Lawrence's brother Alex Ray Stafford. When Martin
Stafford died in 2003 and Alex Ray Stafford in 2004, Hughes was appointed independent
administrator of each estate. Through the 2005 decree, Lawrence and Hughes became
co-owners, in equal shares, of a part of the land partitioned in cause number 10,238. In
2006, Hughes initiated the instant partition action, seeking to divide the land between them. 
The trial court ordered partition and appointed commissioners. Lawrence did not appeal
that order. The commissioners filed their report and the court set a confirmation hearing. 
Although Lawrence answered the lawsuit and filed objections to the commissioners' report,
she did not appear at the confirmation hearing. Following the hearing, the court signed a
decree confirming the report of the commissioners. Lawrence requested findings of fact
and conclusions of law which were signed and filed by the trial court seven days later.
Lawrence timely filed a notice of appeal. Lawrence filed a clerk's record but did not bring
forward a reporter's record of the confirmation hearing.

Discussion

 For our discussion, we begin by reproducing verbatim the argument section of the
appellate brief Lawrence filed.

 ISSUE ONE ARGUMENT-The real Estate Property involved in this
Partitioning Action (Case No. 10557) is the exact same Real Estate Property
that was involved in Stafford v. Stafford 07-94-0178 CV (1995)
(unpublished),[ (6)] and a part of the Original Case (Case No. 8707). 

 ISSUE TWO ARGUMENT-In Stafford v. Stafford 07-94-0178 CV (1995)
(unpublished), the Court of Appeals for the Seventh District of Texas at
Amarillo issued an Opinion in which the Court stated, "Where a trust fails
based on illegality of purpose, the property remains in the hands of the
trustee, free of trust, and does not revert to the grantor. Rogers v. Rogers,
240 S.W. 1104, 1105 (sic).

 ISSUE THREE ARGUMENT-In Hudson v. Wakefield, 711 S.W.2d 675 (Tex.
1986), the court held that "Once the Law of the Case has been set by a
Court of last resort, it will govern the case through its subsequent stages."

 ISSUE FOUR ARGUMENT-For the District Court in and for Dallam County,
Texas to allow Kyle Lewis, [attorney for Hughes] a licensed practicing
attorney, and Desiree Alexis Stafford, as Independent Administrator of the
Estate of Alex Ray Stafford, deceased, and others to continue attempting to
Unlawfully and Illegally obtain what is not theirs to have, after a Court of Last
Resort, in Stafford v. Stafford 07-94-0178 CV (1995) (unpublished), has
issued a Mandate barring them from challenging the validity of conveyances
made to various Trusts, can be nothing more than denial of due process and
equal protection of the law.

 ISSUE FIVE ARGUMENT-The District Court in and for Dallam County,
Texas by refusing to execute the Mandate issued in Stafford v. Stafford 07-94-0178 CV (1995) (unpublished), and choosing to ignore the Mandate has
created a situation where justice has been denied at all levels of the Judicial
system. 

(Capitalization, punctuation, and italics in original). 

 The issues Lawrence argues are familiar to us. In substance they are no more than
reiterations of five of the seven issues we addressed and overruled in her last appeal, in
number 07-05-0050-CV. (7) As before, all five of her current appellate issues are founded
on the contention that statements in our 1995 opinion in Stafford v. Stafford, under the
doctrine of law of the case, (8) finally determined the issue of title to the land. (9) Despite our
previous repeated and clear holdings that the doctrine does not have the effect she posits,
Lawrence insistently continues to present the same contention, without even so much as
acknowledging our previous opinions rejecting it. See, e.g., Lawrence, 2006 Tex. App.
Lexis 2632, at *3-4 (citing Stafford v. Stafford, No. 07-97-0494-CV, 1998 Tex. App. Lexis
6740 (Tex.App.-Amarillo Oct. 28, 1998, pet. denied) (not designated for publication). 
Much less does she make an effort to explain why issues we overruled in 07-05-0050-CV,
and have rejected on other occasions, (10) now have merit. For the same reasons we have
given before, we reject Lawrence's contentions and overrule her issues. 

 In case number 07-05-0050-CV, the appellees asked us to find Lawrence's appeal
was frivolous and assess damages according to Rule of Appellate Procedure 45. 
Lawrence v. Stafford, 2006 Tex. App. Lexis 2632, at *9; Tex. R. App. P. 45. We denied
the request for damages at that time. 2006 Tex. App. Lexis 2632, at *9. Hughes repeats
the request in her brief on this appeal. She argues the matters Lawrence attempts to place
in issue by the instant appeal have long been finally, judicially resolved, a fact known by
Lawrence, and Lawrence filed a brief similar to that presented in this appeal in case
number 07-05-0050-CV.

 Rule 45 authorizes us to sanction an appellant if we determine the appeal is
frivolous. Tex. R. App. P. 45. The decision rests with the sound discretion of the appellate
court. Rios v. Northwestern Steel & Wire Co., 974 S.W.2d 932, 936 (Tex.App.-Houston
[14th Dist.] 1998, no pet.). We may not consider any matter that does not appear in the
record, briefs or other papers filed in the court of appeals, Tex. R. App. P. 45, we must act
with prudence, caution, and careful deliberation, Rios, 974 S.W.2d at 936, and, viewing the
record from the advocate's standpoint we consider whether there were reasonable grounds
to believe the trial court's judgment was reversible. Smith v. Brown, 51 S.W.3d 376, 282
(Tex.App.-Houston [1st Dist.] 2001, pet. denied) (applying Rule 45); Safeway Managing
Gen. Agency v. Cooper, 952 S.W.2d 861, 870 (Tex.App.-Amarillo 1997, no writ) (applying
predecessor Rule 84). In deciding whether to assess damages appellate courts also have
considered such factors as an appellant's attempt to relitigate an issue previously resolved,
Njuku v. Middleton, 20 S.W.3d 176, 178 (Tex.App.-Dallas 2000, pet denied), an
appellant's provision of an incomplete record for review, Tate v. E.I. du Pont de Nemours
& Co., 954 S.W.2d 872, 875 (Tex.App.-Houston-[14th Dist.] 1997, no pet.), an appellant's
failure to respond to the request for sanctions, American Paging of Texas, Inc. v. El Paso
Paging, Inc., 9 S.W.3d at 237, 242 (Tex.App.-El Paso 1999, pet. denied), and an
appellant's filing of an inadequate brief. Tate, 954 S.W.2d at 875. 

 Applying such factors to Lawrence's present appeal, we note first the question of
title to the land vis-a-vis the failed trusts was resolved long ago by judgment of the trial
court which we affirmed in case number 07-97-0494-CV. As noted, Lawrence does not
mention this decision in her brief. Rather, she persists with the argument that our decision
of March 14, 1995, in case number 07-94-0178-CV is controlling in all subsequent cases. 
We have previously pointed out this is an incorrect application of the law. 

 Moreover, it is especially pointless for Lawrence to continue her erroneous
contentions in this present proceeding, which simply accomplished the dividing between
Hughes and her of the parcels of land partitioned to them in trial court cause number
10,238.

 Second, Lawrence presented an incomplete record as she did not bring forward the
reporter's record from the hearing of which she complains. The absence of a reporter's
record and proper argument leave us with no indication that Lawrence preserved any of
her complaints in the trial court. See Tex. R. App. P. 33.1(a).

 Third, as is apparent from the sections of Lawrence's brief we have quoted, the
inadequacies of her brief are, in this context, severe. The argument supporting each of her
five issues consists of a single sentence. Moreover, Lawrence does not refer to our
previous opinions rejecting the very same issues she now presents. Lawrence's brief
contains no legal authority except that we previously have rejected, and contains no
analysis or discussion (11) explaining why we should now accept her contentions in the face
of our previous holdings. See Safeway Managing General Agency, 952 S.W.2d at 871
(noting appellant's failure to "meaningfully support" points of error in accordance with
appellate rules as indicative of appeal brought for purpose of delay). Although we have
not chosen to find Lawrence's issues were waived because of inadequate briefing, (12) her
near-verbatim repetition in this case of contentions previously rejected, without further
supporting argument, is an abuse of her right of appeal. See Smith v. Brown, 51 S.W.3d
at 282 (quoting Bradt v. West, 892 S.W.2d 56, 79 (Tex.App.-Houston [1st Dist.] 1994, writ
denied) (citations omitted)) (the right of appeal is valuable and means "[n]o litigant has the
right to put a party to needless burden and expense or to waste a court's time that would
otherwise be spent" adjudicating the valid claims presented by other pending appellate
cases).

 Fourth, Lawrence has presented no response to Hughes' request for damages
according to Rule 45. There is nothing before us from Lawrence explaining why she
believes a reasonable chance exists for overruling the judgment of the trial court. Indeed,
as noted above, the contentions Lawrence now asserts have been previously, and
unsuccessfully, argued to this court by Lawrence and others of her family disputing title to
the land. 

 We find Lawrence could not reasonably have expected to reverse the trial court on
her presentation in this court. Her appeal is frivolous according to Rule 45. We assess
$1500.00 as reasonable damages recoverable by Hughes for having to respond to the
frivolous appeal. 

 We affirm the judgment of the trial court. We further order Lawrence pay Hughes,
within thirty days of our mandate in this case, the sum of $ 1500.00.


 Per Curiam. 



1. 
 
2. 
 
3. --- 
- 
4. 
5. 
 ' 
 --- - 
 
 
6. --- 
 
 
 
' 
 
 ' 
 --- - 
 
7. 
 --- - 
 
8. 
 
 
9. ' --- 
 
 
 
 "
 " 
 
 
 ' 
 
10. 
 ---
 - 
' ' ' 
 ---
 
 
 
 - 
 --- -
 
 
11. ' " 
 
 "
12. 
 -