NATIONAL SAVINGS INSURANCE COMPANY, Appellant,

v.

James GASKINS and Jessica Gaskins, Individually and as next friends for Allison Gaskins, Appellees.

No. 18041.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

**574**

Vial, Hamilton, Koch, Tubb, Knox & Stradley, and Fred S. Stradley and Gerald R. Powell, Dallas, for appellant.

Cantey, Hanger, Gooch, Munn & Collins and Richard L. Griffith and Mark C. Hill, Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

■ This appeal is from a summary judgment granted in a declaratory judgment action. National, an insurance company, wanted a determination of its duty to defend its insured and insured's employee in a tort action. Gaskins, plaintiffs in the tort action, were also named as defendants in the declaratory judgment action. Gaskins moved for summary judgment claiming they had no justiciable controversy with National on its duty to defend. The trial court granted the motion and severed the cause so judgment would be final. National appealed.

We affirm.

To fully understand the points of error and the rulings on them, some background information is necessary. The insured is a pest control company. The Gaskins' daughter was allegedly injured by substances used by a company employee in insect extermination work at the Gaskins' apartment complex. The Gaskins filed a personal injury suit against the company, its employee and others not parties to this action.

There is no question the insured's policy with National was in effect at the time of the alleged injury. In its pleadings National alleged it had no duty to defend the insured and its employee because the insured had failed to give timely notice, the incident was not one covered by the terms of the policy, the employee's work was not an insured activity, and he was not a named insured. The only dispute between the insured and National is whether under the terms of the policy, National must defend them in Gaskins' personal injury suit. As is usual in declaratory actions of this type, the plaintiffs in the suit pending against the insured were also made defendants.

However, the Gaskins sought to have themselves removed as parties to the action by a motion for summary judgment. They asserted since they were not parties to the insurance contract and did not care who, if anyone, defended the insured, they had no interest adverse to National, therefore, no justiciable controversy existed. Their summary judgment motion alleged that, as a matter of law, there was no justiciable controversy as to them; that they had no standing to be sued in this action; and that they were not necessary or proper parties to this action and their existence in it constituted a defect of parties under Tex.R.Civ.P. 93. The motion was granted on every ground urged by the Gaskins.

■ Basically, this suit hinges on whether at this point there is a justiciable controversy between National, the insurer, and the Gaskins. A declaratory judgment is not available unless there is a justiciable controversy between the parties. Under our constitution, Texas courts have no power to grant advisory opinions. Tex.Const. art. 5, § 8. The legislature cannot enlarge the constitutional jurisdiction of the courts and did not attempt to do so by passage of the Declaratory Judgment Act. Texas courts still cannot determine hypothetical or contingent situations or decide questions

which are not essential to the resolution of an actual controversy, even if future adjudication will be necessary. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960).

In its first point of error National contends the trial court erred in granting summary judgment because the Gaskins did not sustain their burden of negating the existence of a justiciable controversy. They argue that a justiciable controversy exists because the Gaskins have an interest in whether they will be able to collect any judgment they may recover from the insured. Since Gaskins would have the right to sue National directly to collect an unsatisfied judgment against the insured, a real and adverse claim exists between them.

National relies on a U. S. Supreme Court case, *Maryland Casualty Co. v. Pacific Coal and Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), which held, in a fact situation similar to the one here, there was justiciable controversy between the insurer and the injured party. There were three bases for the Court's decision. First, state law permitted direct action by the injured party against the insurance company to satisfy an unpaid judgment obtained from the insured. Second, the injured party could prevent the policy lapsing by performing the notice conditions. Third, if the claimant were not kept in the suit, it would be possible for different courts to come to conflicting decisions in their interpretations of the policy.

National argues that the test for justiciability used by the U. S. Supreme Court in *Maryland Casualty* is virtually identical to the one followed in Texas. It claims it is not asking for an opinion on a hypothetical state of facts, and there is an actual controversy involving the Gaskins of sufficient immediacy to allow them to be parties to a declaratory judgment action. Regardless of whether the test is the same, the Texas Supreme Court has construed our constitutional prohibition against judicially rendered advisory opinions as forbidding decisions if the existence of a controversy is dependent on the happening of a future

event. *Firemen's Insurance Company of Newark, N. J. v. Burch,* 442 S.W.2d 331 (Tex.1968). The court held declaratory relief unavailable to determine a casualty insurer's duty to pay a judgment which may be granted against its insured in threatened or pending litigation. Any determination of an insurer's duty to pay would be hypothetical before judgment has actually been granted against the insured and the court's opinion would therefore be purely advisory and beyond its jurisdiction.

National contends Gaskins are necessary parties under the Declaratory Judgment Act because they "have or claim any interest which would be affected by the declaration . . .." Tex.Civ.Stat.Ann. art. 2524–1, § 11. The interest National alleges Gaskins have is in collecting any judgment they may receive in their suit against the insured. The court in the declaratory judgment action will determine whether timely notice was given in deciding whether there is a duty to defend. National reasons since notice was a past event not subject to change or mutation, unlike a pleading which could be amended to take an incident in or out of coverage under a policy, a court ruling on it is not dealing with a hypothetical situation. National argues since notice operates as a defense both to duty to pay as well as duty to defend, all those who have an interest in the resolution of an issue determinative of both should be parties because they have a claim or interest which would be affected.

National notes that those who are not parties to a declaratory judgment action cannot be bound by the results. Tex.Civ. Stat.Ann. art. 2524–1, § 11. Therefore, if Gaskins are not parties to this suit, they would not be bound by the judgment. If National obtains a determination its insured failed to give timely notice, and the Gaskins get a judgment against the insured and sue National to collect it, the notice defense would be relitigated because Gaskins are not bound by the prior declaratory action. The end result could be different findings by different courts on the same issue of timely notice.

National complains it is unjust for it to be bound by the declaratory judgment when a tort plaintiff against its insured is free to relitigate such an important issue. It argues all parties interested in the issues to be decided in the declaratory judgment action should be in the suit so as to prevent relitigation and uncertainty as to future rights and financial obligations. If claimants such as the Gaskins are not included in a declaratory judgment action, the usefulness of such actions to insurance companies will be greatly diminished.

While a court determination of whether or not notice was given would not be dealing with a hypothetical situation, and thus would not be giving an advisory opinion, whether or not the Gaskins would collect a judgment and thus have an interest which would be affected is hypothetical at this point. No court has granted them judgment. The question of insured's refusal or inability to pay has not yet arisen.

National's arguments are all based on events that might or might not occur. If they occur, the Gaskins would have an interest in National's action against its insured. But, if Gaskins lose their suit against the insured; if the court decides National has a duty to defend; or if the Gaskins do not have to sue National directly to satisfy a judgment, "a considerable amount of judicial wheel spinning for nothing" will result. *Firemen's Insurance Company of Newark, N. J. v. Burch, supra.*

■ Whether there is a duty to defend is a matter determined by the policy provisions of the contract between an insurance company and its insured. *Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22 (Tex.1965). While the allegations of a claimant's petition in an action against the insured are considered in light of the policy provisions to determine the insurance company's duty to defend the suit, *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex.1973), claimants are not parties to the contract.

In an appeal from a ruling on a plea of privilege in a declaratory judgment action, the Dallas court of civil appeals held that the question of duty to defend was a contractual issue between insured and insurer. Since the injured parties were not parties to that contract, had disclaimed any interest in insurer's obligation to defend and, further, had no right to demand the insurer defend their suit, there was no justiciable controversy between them and declaratory relief was unavailable. *Slinker v. Superior Insurance Co.,* 440 S.W.2d 730 (Tex.Civ.App.— Dallas 1969, writ dism'd).

As National's second and third points of error are both dependent on the existence of a justiciable controversy, they are overruled.

■ National's fourth point of error alleges the Gaskins are bound by a judicial admission of interest in the subject matter of the action by a statement made in their summary judgment affidavits. Both affidavits stated "[i]n fact, it would seem to me to be my advantage in my lawsuit pending in the 17th Judicial District Court if there be no attorneys representing Mr. Grace and Mr. Temple at all." A statement must be clear and unequivocal in order to be considered a judicial admission. *Gevinson v. Manhattan Construction Company of Oklahoma,* 449 S.W.2d 458 (Tex.1969). These statements are merely impressions or opinions and as such are insufficient for judicial admissions. Even if they were to constitute a judicial admission, alone they do not create a justiciable controversy. When the quotation is read in context with the rest of the paragraph, it emphasizes to us the lack of adversity, at this point, of Gaskins and National.

Judgment affirmed.