STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY through SOUTHERN UNITED GENERAL AGENCY OF TEXAS, Appellant,

v.

Mary Virginia WALKER, Independent Executrix of the Estates of William Louie Oltorf, Deceased and Virginia Oltorf, Deceased, Appellee.

No. 2–06–270–CV.

Court of Appeals of Texas, Fort Worth.

May 31, 2007.

Chamblee & Ryan, P.C., David M. Walsh IV, M. Todd Allen and Jennifer M. Hamlett, Dallas, for Appellant.

Hill Gilstrap, P.C., Arlington, for Appellee.

Panel B: DAUPHINOT, HOLMAN, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant State and County Mutual Fire Insurance Company ("State and County") appeals from an award of attorney's fees and mediation costs awarded to Appellee Mary Virginia Walker. In two issues, State and County argues that the evidence is legally and factually insufficient to prove (1) that the awarded attorney's fees were reasonable and necessary and (2) that the award was equitable and just. Because we hold that the evidence is legally and factually sufficient to support the award and that the award is not inequitable or unjust, we affirm.

### FACTS AND PROCEDURAL HISTORY

Walker, Independent Executrix of her parents' estates, brought a wrongful death action against Keith Williams for the death of her parents. Initially, State and County defended Williams, their insured, under the terms of the policy, subject to a reservation of rights. While that suit was pending, State and County brought a declaratory judgment action against Williams, seeking a declaration that the insurance policy issued to Williams was null and void and that it had no duty to defend or to indemnify Williams. State and County also joined Walker as a defendant in the suit, naming her as a person potentially having an interest or claiming an interest in the insurance policy. State and County then filed a motion for sum-

mary judgment, and Walker filed objections and a response.

Walker subsequently added Williams's wife Tracy as a defendant in the underlying tort action. State and County amended its pleadings in the declaratory judgment action and supplemented its summary judgment motion to seek a declaration that the insurance policy was also null and void against Tracy. Keith Williams's attorney subsequently withdrew as Williams's attorney of record. Walker then filed a response to the supplemental summary judgment motion. Although the Williamses filed an answer to the original declaratory judgment action, they did not file a response to the summary judgment motion.

The trial court ordered the parties to attend mediation. The mediation was unsuccessful, and the trial court later signed an order denying the motion for summary judgment. State and County subsequently nonsuited Walker, and the trial court withdrew its previous order and granted summary judgment to State and County against the Williamses.

Walker then filed an application for an award of attorney's fees, as well as mediation costs of $900, plus appellate attorney's fees. The trial court held a hearing on the application, at which Walker's attorney testified, and the court awarded the requested attorney's fees for services performed in the trial court. The court also awarded the requested contingent appellate fees, but it awarded only half of the requested mediation costs—because the mediation had also included the tort action—and half of the requested mediation fees.

## STANDARD OF REVIEW

In a declaratory judgment action, the trial "court may award costs and reasonable and necessary attorney's fees as are equitable and just." [1] Whether the fees are reasonable and necessary are questions of fact; whether awarding the fees and costs is equitable and just is a question of law.[2] We review the trial court's decision of whether costs and attorney's fees are equitable for an abuse of discretion.[3] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[4] A court of appeals will determine that the trial court abused its discretion in granting attorney's fees in a declaratory judgment action if "the award was inequitable or unjust as a matter of law." [5] We review reasonableness and necessity of attorney's fees for sufficiency of the evidence.[6]

## Analysis

In its first issue, State and County argues that the evidence of attorney's fees is legally insufficient to support the award because the testimony regarding the rea-

1. Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997); *see also Cotten v. Weatherford Bancshares, Inc.,* 187 S.W.3d 687, 709 (Tex. App.-Fort Worth 2006, pet. denied).

2. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church,* 197 S.W.3d 305, 311–12 (Tex. 2006).

3. *Doncaster v. Hernaiz,* 161 S.W.3d 594, 606 (Tex.App.-San Antonio 2005, no pet.).

4. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

5. *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.,* 156 S.W.3d 630, 641 (Tex.App.-Tyler 2004, no pet.).

6. *Doncaster,* 161 S.W.3d at 606.

sonableness and necessity of attorney's fees, including the appellate attorney's fees, was conclusory·and cannot be considered as competent evidence. It also argues that there was no evidence that the award of fees was equitable and just. In its second issue, State and County argues that the evidence is factually insufficient to support the award. It contends that the fees were not reasonable and necessary because Walker improperly responded to State and County's motions for summary judgment and because the mediation costs and subsequent fees would not have been incurred if State and County's motion for summary judgment had been granted. State and County also argues that as there is no evidence of reasonable and necessary attorney's fees, the trial court's award was not equitable and just.

### Reasonable and Necessary

■■ We first turn to the reasonableness and necessity of the awarded attorney's fees. Texas courts consider eight factors when determining the reasonableness of attorney's fees, including awards made under the Uniform Declaratory Judgment Act:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[7]

A court is not required to receive evidence on each of these factors.[8]

■ In the hearing on Walker's application for an award of attorney's fees, Walker's attorney testified that he has been a licensed attorney for thirty years, that during that time he has practiced law continuously in Tarrant County, and that he is familiar with the reasonable charges for attorney's fees in that county. He further testified that he had reviewed his time records and that since May of 2005 when he began representing Walker, he had expended 51.2 hours in his representation of Walker in the declaratory judgment action, plus another two hours for his time on the day of the hearing. A partner at his firm spent 5.3 hours representing Walker in mediation, and another lawyer working with them on the case spent four-tenths of an hour. He stated that his hourly billing rate is $250 and that with regard to the other two attorneys, the hourly billing rate of one is $495, and the other's is $275. He stated that in his opinion, all of those rates

---

7. *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex.1997) (quoting Tex. Disciplinary R. Prof'l Conduct 1.04(b), *reprinted in* Tex Gov't Code Ann., tit. 2, subtit. G app. A, State Bar Rules, art. X, § 9 (Vernon 2005 & Supp.2006)); *City of Weatherford v. Catron*, 83 S.W.3d 261, 272–73 (Tex.App.-Fort Worth 2002, no pet.)

8. *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex.App.-Amarillo 2002, no pet.); *see also Hays & Martin, L.L.P. v. Ubinas–Brache*, 192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied), and *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897–98 (Tex.App.-Dallas 2003, no pet.).

are reasonable and customary within Tarrant County, based upon their experience, knowledge, and reputations. He also testified that in his opinion, in the event of an appeal, $15,000 would be a reasonable and necessary fee.

On cross-examination, he stated that in preparation for the hearing, he had reviewed the firm's time records concerning its representation of Walker. He said that all of the time for which he was requesting an award of fees was spent on the declaratory judgment action and that none of the time was spent on the personal injury action. He did spend some time searching for Williams, and he estimated that he spent less than two to three hours on that, although he could not say precisely. Time was not included in the total hours used to compute the requested award if, in his review of the time records, he could not tell from the billing records whether he had spent the time on the declaratory judgment action or the tort action. He stated that except for a few hours spent trying to locate Williams, the hours for which he sought fees were spent communicating with his client, responding to State and County's filings, and researching. Walker's attorney also stated that of the time he spent on this case, about sixty percent of the time was spent analyzing, researching, and responding to the summary judgment motions. He further testified that in his opinion this case involved a unique circumstance of an insurance company agent with authority to bind the company being the party charged with fraud. Although he did not bring his time records to the hearing with him, he testified that if needed, he could get the records for opposing counsel and the court to actually see the breakdown of the hours.

■ State and County argues that the testimony of Walker's attorney was conclusory and therefore constitutes no evidence. A statement is conclusory if it does not provide the underlying facts to support its conclusion.[9] Walker's attorney testified about his professional experience and background and described the work he had performed and the amount of time spent on the case. Thus his statement that the fees were reasonable and necessary was not conclusory. We therefore hold that the evidence presented by Walker's attorney was more than a scintilla of evidence as to the reasonableness and necessity of the awarded trial attorney's fees and thus the evidence was legally sufficient to support award of those fees.

■ State and County also contends that the award of appellate attorney's fees is not supported by legally sufficient evidence and that Walker's attorney never described what work, if any, would be involved in an appeal. A trial court's award of attorney's fees may include appellate attorney's fees, but "there must be evidence of the reasonableness of the fees pertaining to the appellate work, and the trial court must condition the award of attorneys' fees to an appellee upon the appellant's unsuccessful appeal."[10] In this case, having already testified as to his familiarity with the reasonable charges for attorney's fees in Tarrant County and to his own hourly rate, Walker's attorney testified as to his opinion of what a reasonable attorney's fee would be for the services that would "necessarily need to be rendered" in the event of an appeal. His

9. *Residential Dynamics, LLC v. Loveless,* 186 S.W.3d 192, 198 (Tex.App.-Fort Worth 2006, no pet.); *Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.).

10. *Jones v. American Airlines, Inc.,* 131 S.W.3d 261, 271 (Tex.App.-Fort Worth 2004, no pet.).

testimony was uncontroverted. The evidence was thus legally sufficient to support the award of appellate attorney's fees.

We now consider State and County's arguments with respect to the factual sufficiency of the evidence as to the reasonableness and necessity of the awarded fees. State and County claims that the trial court acknowledged that no relief was sought against Walker in the summary judgment motion and that the attorney's fees incurred were unnecessary, and that because sixty percent of the requested award was on the summary judgment response, sixty percent of the fees were unnecessary. We hold that the evidence supporting the trial court's finding as to the reasonableness and necessity of this portion of the fee was not so weak, nor the evidence to the contrary so overwhelming, that the finding should be set aside.[11] We therefore hold that the evidence was factually sufficient to support that percentage of the awarded fees based on Walker's response to State and County's motion for summary judgment. We next consider State and County's argument that the evidence was factually insufficient as to the remaining forty percent of the awarded fees. As stated above, the evidence shows that one of Walker's attorneys testified about, among other things, the background, experience, and reputation of Walker's counsel; the amount involved; the time involved in responding to State and County's declaratory judgment action; and the usual and customary fees in Tarrant County. We cannot say that the evidence supporting the trial court's finding is so weak or the evidence to the contrary so

overwhelming that the finding should be set aside.[12] We therefore hold that the evidence was factually sufficient to support the remaining forty percent of the award.

### Equitable and Just

 State and County argues that there was no evidence that the award of attorney's fees was equitable and just. In support of this argument, State and County first contends that there was no evidence on the eight factors Texas courts consider when determining the reasonableness of attorney's fees under the UDJA. Having discussed above the testimony of Walker's attorney as to these factors, we disagree with State and County's contention. State and County next contends that, taking the totality of circumstances into account, the award was not equitable and just. Its reasoning is based on the statement of the trial court that it based its decision to award the fees on the ground that "there was no relief sought against [Walker] in the summary judgment; therefore, there was no need to have filed against her. She was an unnecessary party and all of those expenses were unnecessary." From this statement, State and County concludes that the trial court had no basis to make the award because either (1) Walker was an unnecessary party and therefore the only "reasonable" course of action would have been for her to seek dismissal from the action, "rather than incurring unnecessary fees and expenses," or (2) the work done by Walker's counsel was necessary and the trial court's analysis of the equity of the situation was misplaced. We disagree

---

11. *See Columbia Rio Grande Reg'l Hosp. v. Stover,* 17 S.W.3d 387, 397–98 (Tex.App.-Corpus Christi 2000, no pet.) (holding evidence, which was similar to the evidence offered here, to be factually sufficient to support an award of attorney's fees); *see also Farley v. Farley,* 731 S.W.2d 733, 737 (Tex.App.-Dallas

1987, no writ) (holding that awarded fees were reasonable, and that "[p]roof that attorneys' fees are necessary, apart from testimony as to the reasonableness of the fee, is not required").

12. *See Stover,* 17 S.W.3d at 397–98.

with State and County's analysis. The trial court did not find that State and County did not seek relief against Walker in its summary judgment motion and therefore Walker's attorney engaged in unnecessary work; rather, it found that State and County unnecessarily joined Walker as a party in the declaratory action, causing her to incur fees that she otherwise would not have had to incur. Having found that Walker should not have been brought into the suit in the first place, the trial court had the discretion to also find that, once joined, equity did not preclude her from taking action to protect her rights as a third party beneficiary of the insurance policy.[13] And any such action, be it a response to a motion for summary judgment or a motion to dismiss, would cause her to incur attorney's fees.

State and County contends that summary judgment relief was sought only against Williams (and that the trial court acknowledged this fact) and that Walker's counsel had no reasonable basis for his belief that the summary judgment motion was sought against Walker. It reasons that the awarding of the fees based on the time Walker's counsel spent in responding to the summary judgment motion was thus not equitable and just. We agree with Walker's argument that State and County did not indicate that the motion was a motion for partial summary judgment or that the judgment it sought would be effective only against Williams and not against Walker.

 In an action by an injured third party claimant against an insurer, the injured third party is not barred by res judicata or collateral estoppel by a prior declaratory judgment action solely between an insurer and an insured.[14] Despite the possibility of a subsequent inconsistent judgment, in Texas injured third parties have not been considered proper parties to an insurer's declaratory judgment action brought against its insured to determine coverage.[15] Language from Texas Supreme Court opinions in the last decade suggests that injured parties may now be considered proper parties to such declaratory judgment actions,[16] but the supreme court has not expressly so held.

---

13. *See Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 465 (Tex.App.-Corpus Christi 2000, no pet.) (stating that "the statutory requirement in Texas for all drivers to carry liability insurance implies that all potential claimants for damages resulting from automobile accidents are intended as beneficiaries," and as such "the injured party is a third-party beneficiary of the liability insurance contract and has rights which may not be precluded by the prior action solely between the insured and the insurer").

14. *Dairyland County Mut. Ins. Co. of Texas v. Childress*, 650 S.W.2d 770, 774–76 (Tex. 1983); *see also Ochoa*, 19 S.W.3d at 465 (citing *Dairyland*).

15. *See Safeway Managing Gen. Agency for State and County Mut. Fire Ins. Co. v. Cooper*, 952 S.W.2d 861, 868–69 (Tex.App.-Amarillo 1997, no writ); *Providence Lloyds v. Blevins*, 741 S.W.2d 604, 606 (Tex.App.-Austin 1987,

no writ); *Nat'l Sav. Ins. Co. v. Gaskins*, 572 S.W.2d 573 (Tex.Civ.App.-Fort Worth 1978, no writ).

16. *See State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex.1996) (stating that "[a] plaintiff who thinks a defendant should be covered by insurance may be willing to . . . assist in obtaining an adjudication of the insurer's responsibility"); *see also Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997) (stating that "*Gandy* requires an insurer to either accept coverage or make a good faith effort to resolve coverage before adjudication of the plaintiff's claim, and also *suggests that the plaintiff may wish to participate in that litigation*") (emphasis added); *see Spruiell v. Lincoln Ins. Co.*, No. 07–97–0336–CV, 1998 WL 174722, at *1 (Tex. App.-Amarillo Apr. 13, 1998, pet. denied) (not designated for publication) (resolving standing question in favor of injured third party and noting that "the Supreme Court has sug-

For purposes of this appeal; a determination of whether Walker was properly joined is irrelevant because whether Walker was a proper party or not, the trial court could have determined that an award of attorney's fees was equitable and just. If Walker was a proper party to the declaratory judgment action, then she had an interest in helping to adjudicate coverage.[17] If she was not a proper party, then she would still have had to incur attorney's fees in protecting her rights, either by responding to the summary judgment motion or filing a motion to dismiss. As we discussed above, the trial court did not abuse its discretion in deciding to award the fees.

State and County also argues that the award of mediation costs and all fees incurred subsequent to the court-ordered mediation was not equitable and just. It reasons that Walker filed a response to its motion on behalf of Williams, which she had no standing to do, and that this response resulted in court-ordered mediation. Had she not "improperly meddled" by responding, it claims, the trial court would have had to grant its summary judgment motion and Walker would not have incurred any fees after the cause was ordered to mediation.

■ We disagree with State and County's arguments. First, we disagree with its characterization of Walker's response. Walker's parents were parties injured in an automobile accident and thus were legally intended beneficiaries of any statutorily required automobile liability insurance that the Williamses had.[18] It is therefore unsurprising that the executrix of their estates would argue that the insurance policy providing liability coverage was not null and void. The fact that she made such an argument does not indicate that she filed her response on the Williamses' behalf, and nothing in the record indicates that she filed her response on anyone's behalf but her own.

■ Second, by joining her in the declaratory judgment action, State and County waived any argument that she did not have standing to challenge its claims.[19] We further note that it is disingenuous for State and County to make Walker a party in the declaratory action, the judgment from which she would therefore be bound, and then accuse her of "improper meddling" when she attempted to ensure that the judgment to which she would be bound was favorable. We overrule State and County's argument that the award of costs and fees was not equitable and just on this ground.

The trial court was in the best position to determine from all the circumstances of the case whether allowing Walker to recover attorney's fees was equitable. Based on the evidence and the record, we cannot say that the trial court's decision

gested that third parties may wish to participate in declaratory judgment actions involving the insured's duty to defend").

17. See Gandy, 925 S.W.2d at 714.

18. Dairyland, 650 S.W.2d at 774–76; see also Ochoa, 19 S.W.3d at 465 (citing Dairyland and stating that "the statutory requirement in Texas for all drivers to carry liability insurance implies that all potential claimants for damages resulting from automobile accidents are intended as beneficiaries," and as such

"the injured party is a third-party beneficiary of the liability insurance contract and has rights which may not be precluded by the prior action solely between the insured and the insurer").

19. See Spruiell, 1998 WL 174722, at *1 (noting that by suing the injured party, the insurer gave the injured party standing to contest the judgment on appeal and that the doctrine of invited error precluded insurer from challenging standing on appeal).

was arbitrary or unreasonable, and State and County did not point to any evidence showing that the trial court abused its discretion by awarding attorney's fees as requested by Walker. We therefore hold that the trial court did not abuse its discretion in deciding to award attorney's fees to Walker.

Finally, we consider State and County's argument that because the awarded fees were not reasonable and necessary, awarding the fees was not equitable and just. Because we hold that the evidence is legally and factually sufficient to support the trial court's determination as to reasonableness and necessity, we overrule this argument.

Because we hold that the trial court did not abuse its discretion in deciding to award attorney's fees to Walker and that the evidence was legally sufficient to support the trial court's finding that the awarded fees were reasonable and necessary, we overrule State and County's first issue. Because we also hold that the evidence was factually sufficient to support the award, we overrule State and County's second issue.

### CONCLUSION

Having overruled both of State and County's issues, we affirm the trial court's judgment.