COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-270-CV

 

 

STATE AND COUNTY MUTUAL                                             APPELLANT

FIRE INSURANCE COMPANY 

THROUGH SOUTHERN UNITED 

GENERAL
AGENCY OF TEXAS                                                               

 

                                                   V.

 

MARY VIRGINIA WALKER,                                                       APPELLEE

INDEPENDENT EXECUTRIX OF

THE ESTATES OF WILLIAM
LOUIE

OLTORF, DECEASED AND

VIRGINIA
OLTORF, DECEASED                                                              

 

                                              ------------

 

           FROM THE 342ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant State and County Mutual Fire Insurance
Company (AState and County@)
appeals from an award of attorney=s fees
and mediation costs awarded to Appellee Mary Virginia Walker.  In two issues, State and County argues that
the evidence is legally and factually insufficient to prove (1) that the
awarded attorney=s fees were reasonable and
necessary and (2) that the award was equitable and just.  Because we hold that the evidence is legally
and factually sufficient to support the award and that the award is not
inequitable or unjust, we affirm.

Facts and Procedural
History

Walker, Independent Executrix of her parents=
estates, brought a wrongful death action against Keith Williams for the death
of her parents.  Initially, State and
County defended Williams, their insured, under the terms of the policy, subject
to a reservation of rights.  While that
suit was pending, State and County brought a declaratory judgment action
against Williams, seeking a declaration that the insurance policy issued to
Williams was null and void and that it had no duty to defend or to indemnify
Williams.  State and County also joined
Walker as a defendant in the suit, naming her as a person potentially having an
interest or claiming an interest in the insurance policy.  State and County then filed a motion for
summary judgment, and Walker filed objections and a response.








Walker subsequently added Williams=s wife
Tracy as a defendant in the underlying tort action.  State and County amended its pleadings in the
declaratory judgment action and supplemented its summary judgment motion to
seek a declaration that the insurance policy was also null and void against
Tracy.  Keith Williams=s
attorney subsequently withdrew as Williams=s
attorney of record.  Walker then filed a
response to the supplemental summary judgment motion.  Although the Williamses filed an answer to
the original declaratory judgment action, they did not file a response to the
summary judgment motion.

The trial court ordered the parties to attend
mediation.  The mediation was
unsuccessful, and the trial court later signed an order denying the motion for
summary judgment.  State and County
subsequently nonsuited Walker, and the trial court withdrew its previous order
and granted summary judgment to State and County against the Williamses.

Walker then filed an application for an award of
attorney=s fees,
as well as mediation costs of $900, plus appellate attorney=s
fees.  The trial court held a hearing on
the application, at which Walker=s
attorney testified, and the court awarded the requested attorney=s fees
for services performed in the trial court. 
The court also awarded the requested contingent appellate fees, but it
awarded only half of the requested mediation costsCbecause
the mediation had also included the tort actionCand half
of the requested mediation fees.

 

 

 








Standard of Review








In a declaratory judgment action, the trial Acourt
may award costs and reasonable and necessary attorney's fees as are equitable
and just.@[1]  Whether the fees are reasonable and necessary
are questions of fact; whether awarding the fees and costs is equitable and
just is a question of law.[2]  We review the trial court=s
decision of whether costs and attorney=s fees
are equitable for an abuse of discretion.[3]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[4]  A court of appeals will determine that the
trial court abused its discretion in granting attorney=s fees
in a declaratory judgment action if Athe
award was inequitable or unjust as a matter of law.@[5]  We review reasonableness and necessity of
attorney=s fees
for sufficiency of the evidence.[6]

Analysis

In its first issue, State and County argues that
the evidence of attorney's fees is legally insufficient to support the award
because the testimony regarding the reasonableness and necessity of attorney=s fees,
including the appellate attorney=s fees,
was conclusory and cannot be considered as competent evidence.  It also argues that there was no evidence
that the award of fees was equitable and just. 
In its second issue, State and County argues that the evidence is
factually insufficient to support the award. 
It contends that the fees were not reasonable and necessary because
Walker improperly responded to State and County=s
motions for summary judgment and because the mediation costs and subsequent
fees would not have been incurred if State and County=s motion
for summary judgment had been granted. 
State and County also argues that as there is no evidence of reasonable
and necessary attorney=s fees, the trial court=s award
was not equitable and just.

 

 








Reasonable and Necessary

We first turn to the reasonableness and necessity
of the awarded attorney=s fees.  Texas courts consider eight factors when
determining the reasonableness of attorney=s fees,
including awards made under the Uniform Declaratory Judgment Act:

(1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly;

 

(2) the likelihood . . .
that the acceptance of the particular employment will preclude other employment
by the lawyer;

 

(3) the fee customarily
charged in the locality for similar legal services;

 

(4) the amount involved
and the results obtained;

 

(5) the time limitations
imposed by the client or by the circumstances;

 

(6) the nature and length
of the professional relationship with the client;

 

(7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and

 








(8) whether the fee is fixed or contingent on
results obtained or uncertainty of collection before the legal services have
been rendered.[7]

A court is not required to receive evidence on each of these factors.[8]








In the hearing on Walker=s
application for an award of attorney=s fees,
Walker=s
attorney testified that he has been a licensed attorney for thirty years, that
during that time he has practiced law continuously in Tarrant County, and that
he is familiar with the reasonable charges for attorney=s fees
in that county.  He further testified
that he had reviewed his time records and that since May of 2005 when he began
representing Walker, he had expended 51.2 hours in his representation of Walker
in the declaratory judgment action, plus another two hours for his time on the
day of the hearing.  A partner at his
firm spent 5.3 hours representing Walker in mediation, and another lawyer
working with them on the case spent four-tenths of an hour.  He stated that his hourly billing rate is
$250 and that with regard to the other two attorneys, the hourly billing rate
of one is $495, and the other=s is
$275.  He stated that in his opinion, all
of those rates are reasonable and customary within Tarrant County, based upon
their experience, knowledge, and reputations. 
He also testified that in his opinion, in the event of an appeal,
$15,000 would be a reasonable and necessary fee.








On cross-examination, he stated that in
preparation for the hearing, he had reviewed the firm=s time
records concerning its representation of Walker.  He said that all of the time for which he was
requesting an award of fees was spent on the declaratory judgment action and
that none of the time was spent on the personal injury action.  He did spend some time searching for
Williams, and he estimated that he spent less than two to three hours on that,
although he could not say precisely. 
Time was not included in the total hours used to compute the requested
award if, in his review of the time records, he could not tell from the billing
records whether he had spent the time on the declaratory judgment action or the
tort action.  He stated that except for a
few hours spent trying to locate Williams, the hours for which he sought fees
were spent communicating with his client, responding to State and County=s
filings, and researching.  Walker=s
attorney also stated that of the time he spent on this case, about sixty
percent of the time was spent analyzing, researching, and responding to the
summary judgment motions.  He further
testified that in his opinion this case involved a unique circumstance of an
insurance company agent with authority to bind the company being the party
charged with fraud.  Although he did not
bring his time records to the hearing with him, he testified that if needed, he
could get the records for opposing counsel and the court to actually see the
breakdown of the hours.

State and County argues that the testimony of
Walker=s
attorney was conclusory and therefore constitutes no evidence.  A statement is conclusory if it does not
provide the underlying facts to support its conclusion.[9]  Walker=s
attorney testified about his professional experience and background and
described the work he had performed and the amount of time spent on the
case.  Thus his statement that the fees
were reasonable and necessary was not conclusory.  We therefore hold that the evidence presented
by Walker=s attorney was more than a
scintilla of evidence as to the reasonableness and necessity of the awarded
trial attorney=s fees and thus the evidence was
legally sufficient to support award of those fees.








State and County also contends that the award of
appellate attorney=s fees is not supported by
legally sufficient evidence and that Walker=s
attorney never described what work, if any, would be involved in an
appeal.  A trial court=s award
of attorney=s fees may include appellate
attorney=s fees,
but Athere
must be evidence of the reasonableness of the fees pertaining to the appellate
work, and the trial court must condition the award of attorneys' fees to an
appellee upon the appellant's unsuccessful appeal.@[10]  In this case, having already testified as to
his familiarity with the reasonable charges for attorney=s fees
in Tarrant County and to his own hourly rate, Walker=s
attorney testified as to his opinion of what a reasonable attorney=s fee
would be for the services that would Anecessarily
need to be rendered@ in the event of an appeal.  His testimony was uncontroverted.  The evidence was thus legally sufficient to
support the award of appellate attorney=s fees.













We now consider State and County=s
arguments with respect to the factual sufficiency of the evidence as to the
reasonableness and necessity of the awarded fees.  State and County claims that the trial court
acknowledged that no relief was sought against Walker in the summary judgment
motion and that the attorney=s fees
incurred were unnecessary, and that because sixty percent of the requested
award was on the summary judgment response, sixty percent of the fees were
unnecessary.  We hold that the evidence
supporting the trial court=s
finding as to the reasonableness and necessity of this portion of the fee was
not so weak, nor the evidence to the contrary so overwhelming, that the finding
should be set aside.[11]  We therefore hold that the evidence was
factually sufficient to support that percentage of the awarded fees based on
Walker=s
response to State and County=s motion
for summary judgment.        We next
consider State and County=s argument that the evidence was
factually insufficient as to the remaining forty percent of the awarded
fees.  As stated above, the evidence
shows that one of Walker=s attorneys testified about,
among other things, the background, experience, and reputation of Walker=s
counsel; the amount involved; the time involved in responding to State and
County=s
declaratory judgment action; and the usual and customary fees in Tarrant
County.  We cannot say that the evidence
supporting the trial court=s
finding is so weak or the evidence to the contrary so overwhelming that the
finding should be set aside.[12]  We therefore hold that the evidence was
factually sufficient to support the remaining forty percent of the award.

Equitable and Just








State and County argues that there was no
evidence that the award of attorney=s fees
was equitable and just.  In support of
this argument, State and County first contends that there was no evidence on
the eight factors Texas courts consider when determining the reasonableness of
attorney=s fees
under the UDJA.  Having discussed above
the testimony of Walker=s attorney as to these factors,
we disagree with State and County=s
contention.  State and County next contends
that, taking the totality of circumstances into account, the award was not
equitable and just.  Its reasoning is
based on the statement of the trial court that it based its decision to award
the fees on the ground that Athere
was no relief sought against [Walker] in the summary judgment; therefore, there
was no need to have filed against her. 
She was an unnecessary party and all of those expenses were unnecessary.@  From this statement, State and County
concludes that the trial court had no basis to make the award because either
(1) Walker was an unnecessary party and therefore the only Areasonable@ course
of action would have been for her to seek dismissal from the action, Arather
than incurring unnecessary fees and expenses,@ or (2)
the work done by Walker=s counsel was necessary and the
trial court=s analysis of the equity of the
situation was misplaced.  We disagree
with State and County=s analysis.  The trial court did not find that State and
County did not seek relief against Walker in its summary judgment motion and
therefore Walker=s attorney engaged in
unnecessary work; rather, it found that State and County unnecessarily joined
Walker as a party in the declaratory action, causing her to incur fees that she
otherwise would not have had to incur. 
Having found that Walker should not have been brought into the suit in
the first place, the trial court had the discretion to also find that, once
joined, equity did not preclude her from taking action to protect her rights as
a third party beneficiary of the insurance policy.[13]  And any such action, be it a response to a
motion for summary judgment or a motion to dismiss, would cause her to incur
attorney=s fees.








State and County contends that summary judgment
relief was sought only against Williams (and that the trial court acknowledged
this fact) and that Walker=s
counsel had no reasonable basis for his belief that the summary judgment motion
was sought against Walker.  It reasons
that the awarding of the fees based on the time Walker=s
counsel spent in responding to the summary judgment motion was thus not
equitable and just.  We agree with Walker=s
argument that State and County did not indicate that the motion was a motion
for partial summary judgment or that the judgment it sought would be effective
only against Williams and not against Walker.








In an action by an injured third party claimant
against an insurer, the injured third party is not barred by res judicata or
collateral estoppel by a prior declaratory judgment action solely between an
insurer and an insured.[14]
 Despite the possibility of a
subsequent inconsistent judgment, in Texas injured third parties have not been
considered proper parties to an insurer=s
declaratory judgment action brought against its insured to determine coverage.[15]  Language from Texas Supreme Court opinions in
the last decade suggests that injured parties may now be considered proper
parties to such declaratory judgment actions,[16]
but the supreme court has not expressly so held.








For purposes of this appeal, a determination of
whether Walker was properly joined is irrelevant because whether Walker was a
proper party or not, the trial court could have determined that an award of
attorney=s fees
was equitable and just.  If Walker was a
proper party to the declaratory judgment action, then she had an interest in
helping to adjudicate coverage.[17]  If she was not a proper party, then she would
still have had to incur attorney=s fees
in protecting her rights, either by responding to the summary judgment motion
or filing a motion to dismiss.  As we
discussed above, the trial court did not abuse its discretion in deciding to
award the fees.

State and County also argues that the award of
mediation costs and all fees incurred subsequent to the court-ordered mediation
was not equitable and just.  It reasons
that Walker filed a response to its motion on behalf of Williams, which she had
no standing to do, and that this response resulted in court-ordered
mediation.  Had she not Aimproperly
meddled@ by
responding, it claims, the trial court would have had to grant its summary
judgment motion and Walker would not have incurred any fees after the cause was
ordered to mediation. 








We disagree with State and County=s
arguments.  First, we disagree with its
characterization of Walker=s
response.  Walker=s
parents were parties injured in an automobile accident and thus were legally
intended beneficiaries of any statutorily required automobile liability
insurance that the Williamses had.[18]  It is therefore unsurprising that the
executrix of their estates would argue that the insurance policy providing
liability coverage was not null and void. 
The fact that she made such an argument does not indicate that she filed
her response on the Williamses= behalf,
and nothing in the record indicates that she filed her response on anyone=s behalf
but her own.

Second, by joining her in the declaratory
judgment action, State and County waived any argument that she did not have
standing to challenge its claims.[19]  We further note that it is disingenuous for
State and County to make Walker a party in the declaratory action, the judgment
from which she would therefore be bound, and then accuse her of Aimproper
meddling@ when
she attempted to ensure that the judgment to which she would be bound was
favorable.  We overrule State and County=s
argument that the award of costs and fees was not equitable and just on this
ground.








The trial court was in the best position to
determine from all the circumstances of the case whether allowing Walker to
recover attorney=s fees was equitable.  Based on the evidence and the record, we
cannot say that the trial court=s
decision was arbitrary or unreasonable, and State and County did not point to
any evidence showing that the trial court abused its discretion by awarding
attorney=s fees
as requested by Walker.  We therefore
hold that the trial court did not abuse its discretion in deciding to award
attorney=s fees
to Walker.

Finally, we consider State and County=s
argument that because the awarded fees were not reasonable and necessary,
awarding the fees was not equitable and just. 
Because we hold that the evidence is legally and factually sufficient to
support the trial court=s determination as to
reasonableness and necessity, we overrule this argument.

Because we hold that the trial court did not
abuse its discretion in deciding to award attorney=s fees
to Walker and that the evidence was legally sufficient to support the trial
court=s
finding that the awarded fees were reasonable and necessary, we overrule State
and County=s first issue.  Because we also hold that the evidence was
factually sufficient to support the award, we overrule State and County=s second
issue.

Conclusion

Having overruled both of State and County=s
issues, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.








DELIVERED:  May 31, 2007











[1]Tex. Civ. Prac. & Rem.
Code Ann. ' 37.009 (Vernon 1997); see also Cotten v.
Weatherford Bancshares, Inc., 187 S.W.3d 687, 709 (Tex. App.CFort
Worth 2006, pet. denied).





[2]GuideOne Elite Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 311‑12 (Tex. 2006).





[3]Doncaster v. Hernaiz, 161 S.W.3d 594, 606 (Tex. App.CSan Antonio 2005, no pet.).





[4]Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).





[5]Santa Fe Petroleum, L.L.C. v. Star Canyon Corp., 156 S.W.3d 630, 641 (Tex.
App.CTyler 2004, no pet.).





[6]Doncaster,
161 S.W.3d at 606.





[7]Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof=l Conduct 1.04(b), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A, State Bar Rules, art. X, ' 9
(Vernon 2005 & Supp. 2006)); City of Weatherford v. Catron, 83
S.W.3d 261, 272-73 (Tex. App.CFort Worth 2002, no pet.)





[8]Hagedorn v. Tisdale, 73 S.W.3d 341, 353 (Tex. App.CAmarillo 2002, no pet.); see also Hays & Martin,
L.L.P. v. Ubinas‑Brache, 192 S.W.3d 631, 636 (Tex. App.CDallas
2006, pet. denied), and Burnside Air Conditioning & Heating, Inc.
v. T.S. Young Corp., 113 S.W.3d 889, 897‑98 (Tex. App.CDallas
2003, no pet.).





[9]Residential Dynamics, LLC v. Loveless, 186 S.W.3d 192, 198 (Tex. App.CFort
Worth 2006, no pet.); Haynes v. City of Beaumont, 35 S.W.3d 166, 178
(Tex. App.CTexarkana 2000, no pet.).





[10]Jones v. American Airlines, Inc., 131 S.W.3d 261, 271 (Tex. App.CFort
Worth 2004, no pet.).





[11]See Columbia
Rio Grande Reg=l Hosp. v. Stover, 17 S.W.3d 387, 397‑98 (Tex. App.CCorpus Christi 2000, no pet.) (holding evidence, which
was similar to the evidence offered here, to be factually sufficient to support
an award of attorney=s fees); see also Farley v. Farley, 731
S.W.2d 733, 737 (Tex. App.CDallas 1987, no writ) (holding that awarded fees were
reasonable, and that A[p]roof that attorneys' fees are necessary, apart from
testimony as to the reasonableness of the fee, is not required@).





[12]See Stover,
17 S.W.3d at 397‑98.





[13]See S. County Mut. Ins. Co. v. Ochoa, 19 S.W.3d 452, 465 (Tex. App.CCorpus
Christi 2000, no pet.) (stating that Athe statutory requirement in Texas for all drivers to
carry liability insurance implies that all potential claimants for damages
resulting from automobile accidents are intended as beneficiaries,@ and as
such Athe injured party is a third‑party beneficiary
of the liability insurance contract and has rights which may not be precluded
by the prior action solely between the insured and the insurer@).





[14]Dairyland County Mut. Ins. Co. of Texas v. Childress, 650 S.W.2d 770, 774-76 (Tex. 1983); see also
Ochoa, 19 S.W.3d at 465 (citing Dairyland).





[15]See Safeway Managing Gen. Agency for State and County
Mut. Fire Ins. Co. v. Cooper, 952
S.W.2d 861, 868-69 (Tex. App.CAmarillo 1997, no writ); Providence Lloyds v.
Blevins, 741 S.W.2d 604, 606 (Tex. App.CAustin 1987, no writ); Nat=l
Sav. Ins. Co. v. Gaskins, 572 S.W.2d
573 (Tex. Civ. App.CFort Worth 1978, no writ).





[16]See State Farm Fire & Cas. Co. v. Gandy, 925 S.W.2d 696, 714 (Tex. 1996) (stating that A[a]
plaintiff who thinks a defendant should be covered by insurance may be willing
to . . . assist in obtaining an adjudication of the insurer's responsibility@); see
also Farmers Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 84 (Tex.
1997) (stating that AGandy
requires an insurer to either accept coverage or make a good faith effort to
resolve coverage before adjudication of the plaintiff's claim, and also suggests
that the plaintiff may wish to participate in that litigation@)
(emphasis added); see Spruiell v. Lincoln Ins. Co., No. 07-97-0336-CV,
1998 WL 174722, at *1 (Tex. App.CAmarillo Apr. 13, 1998, pet. denied) (not designated
for publication) (resolving standing question in favor of injured third party
and noting that Athe Supreme Court has suggested that third parties may
wish to participate in declaratory judgment actions involving the insured=s duty
to defend).





[17]See Gandy,
925 S.W.2d at 714.





[18]Dairyland,
650 S.W.2d at 774-76; see also Ochoa, 19 S.W.3d at 465  (citing Dairyland and stating that Athe
statutory requirement in Texas for all drivers to carry liability insurance
implies that all potential claimants for damages resulting from automobile
accidents are intended as beneficiaries,@ and as such Athe injured party is a third‑party beneficiary
of the liability insurance contract and has rights which may not be precluded
by the prior action solely between the insured and the insurer@).





[19]See Spruiell,
1998 WL 174722, at *1 (noting that by suing the injured party, the insurer gave
the injured party standing to contest the judgment on appeal and that the
doctrine of invited error precluded insurer from challenging standing on
appeal).